**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4496

RALPH EDWARD RAY,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-95-10)

Submitted: January 20, 1998

Decided: February 6, 1998

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Charleston, West Vir-
ginia, for Appellant. William D. Wilmoth, United States Attorney,
Paul T. Camilletti, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ralph Edward Ray appeals from his conviction, pursuant to a guilty plea, of one count of distributing crack cocaine and aiding and abetting another in distributing crack cocaine in violation of 21 U.S.C. § 841 (1994) and 18 U.S.C. § 2 (1994). We affirm.

Ray's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Ray's appeal does not present any meritorious issues. Counsel asserts that the district court complied with Fed. R. Crim. P. 11 in taking Ray's guilty plea. We agree. The court properly determined that Ray was competent to enter a plea, that he understood the charge against him, the maximum and minimum sentence, and the fine. Ray also stated that he understood the court was obligated to consider the applicable sentencing guidelines. The court also conducted a thorough review of the plea agreement with Ray. Ray stated that he was not promised anything other than what was in the plea agreement, nor was he forced to accept the terms of the agreement. Ray was informed of the rights he was waiving by entering a guilty plea. Finally, the district court properly found a sound factual basis for accepting the guilty plea.

We also agree with counsel's contention that Ray's sentence does not present any appealable issue. Ray raised four objections to the Presentence Investigation Report ("PSR"). The Probation Department submitted a corrected PSR incorporating two of the objections. The district court sustained the other two. As a result, Ray's offense level was calculated to be twenty-nine and he was placed in Criminal History Category II. Ray was sentenced to ninety-seven months, the lowest possible sentence within his Guidelines range, as recommended by the Government.

In his pro se supplemental brief, Ray contends the court erred in calculating for sentencing purposes the amount of narcotics for which he was responsible. This contention is without merit. The court found Ray responsible for 52.5 grams of cocaine base, the exact amount stipulated by the parties in the plea agreement and suggested by defense counsel.

Pursuant to the requirements of <u>Anders</u>, this court has reviewed the record for potential error and has found none. Therefore, we affirm Ray's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3